Dear Ms. Johnson:
We are in receipt of your opinion request forwarded to Attorney General Richard Ieyoub. The request has been assigned to me for research and reply.
Act 1029 of the 1991 Legislature eliminated state and local sales and use taxes on purchases of tangible personal property and services by state and local government, as well as their agencies, boards, commissions and instrumentalities. The issue raised by your inquiry is whether Act 1029 has also eliminated state and local government from the payment of hotel-motel occupancy taxes. For the following reasons, we conclude state and local government remain subject to hotel-motel occupancy taxes.
The provisions of LSA-R.S. 47:301, et. seq., govern the imposition of sales tax in Louisiana. For purposes of determining to whom the sales tax applies, there is included a definition of "person" within the statutory framework. LSA-R.S.47:301(8). The definition of "person" was altered by Act 1064
of the 1990 Legislative Session and Act 1029 of the 1991 Legislative Session. LSA-R.S. 47:301(8) now provides:
 "(a) `Person', except as provided in Subparagraph (c), includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, this state, any parish, city and parish, municipality, district or other political subdivision thereof or any board, agency, instrumentality or other group or subdivision thereof or any board, agency, instrumentality or other group or combination acting as a unit, and the plural as well as the singular. (Amended and reenacted by Act 1029 of the 1991 Legislative Session).
 (b) For purposes of the payment of state sales or use tax on the lease or rental or the purchase of tangible personal property or services, "person" shall not include a regionally accredited independent institution of higher education which is a member of the Louisiana Association of Independent colleges and Universities, if such lease or rental or purchase is directly related to the educational mission of such institution. However, the term "person" shall include such institution for purposes of the payment of tax on sales by such institution if the sales are not otherwise exempt. (Enacted by Act 1064 of the 1990 Legislative Session).
 (c) For the purposes of payment of the state sales and use tax and the sales and use tax levied by any political subdivision, "person" shall not include this state, any parish, city and parish, municipality, district, or other political subdivision thereof, or any agency, board, commission, or instrumentality of this state or its political subdivisions." LSA-R.S. 47:301(8)(c); (Enacted by Act 1029 of the 1991 Legislative Session); (Emphasis added).
LSA-R.S. 33:4574.1 allows governing authorities to levy a two percent tax upon the occupancy of hotel and motel rooms and overnight camping facilities within their jurisdiction. The statute specifically refers to the provisions governing sales and use tax for the purpose of defining "person":
 "The tax shall be paid by the person who exercises or is entitled to occupancy of the hotel room, and shall be paid at the time the rent or fee of occupancy is paid. The word `person' as used herein shall have the same definition as that contained in R.S. 47:301(8) . . ." LSA-R.S. 33:4574.1(A); (Emphasis added).
State and local government now escape the imposition of sales and use tax because of the provisions of Act 1029. The argument, which we reject, has been raised that Act 1029 also eliminates the imposition of any hotel-motel occupancy tax on state and local government because of the change in the definition of "person". The hotel-motel occupancy tax statute still refers to LSA-R.S. 47:301(8) for a determination of to whom the hotel-motel occupancy tax applies.
However, an examination of the definition of "person" before and after the legislative changes leads us to conclude that state and local government are still subject to the hotel-motel occupancy tax. The definition of "person" within Subparagraph (a) of R.S. 47:301(8) still "includes . . . this state, any parish, city and parish, municipality, district or other political subdivision thereof . . .". Subparagraph (a) specifically retains the definition of "person" except for the purposes of Subparagraph (c). Reference to Subparagraph (c) indicates that state and local government are eliminated from coverage solely as to sales and use tax. The opening phrase of Subparagraph (c) states "for the purposes of the payment of state sales and use tax and the sales and use tax levied by any political subdivision, `person' shall not include [state and local government]."
A review of LSA-R.S. 47:301(8) in its entirety indicates that state and local government are still within the definition of "person" except for purposes of sales and use tax. For this reason, we determine that the hotel-motel occupancy tax may still be lawfully imposed on state and local government. Any other construction of Act 1029 would add an additional meaning to the plain wording of the statute, contrary to legislative intent.
Should you have any further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0070E